UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PAUL SINCLAIR, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | COLLECTIVE ACTION COMPLAINT |
| -against- | |
| WIRELESS ADVOCATES, LLC, | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Paul Sinclair ("Sinclair" or "Plaintiff"), along with any other similarly situated employees who may join this action (collectively "Plaintiffs"), by their attorneys, Shavitz Law Group, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## INTRODUCTION

1.     Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA.

2.     As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to pay its non-exempt, hourly Kiosk Managers (however various titled, including Wireless Managers and Sales Managers), including Plaintiff and all other similarly situated employees, for all of their overtime hours worked based upon its unlawful policies and practices.

3.     While Defendant required Kiosk Managers to work overtime hours, as more fully

described herein, it did not pay them for all hours worked outside of the store.  Specifically, Defendant requires that Plaintiff and other similarly situated Kiosk Managers use a group messaging mobile phone application called "GroupMe" to communicate about work matters when they are outside of the store and not being paid.  Plaintiffs and other similarly situated Kiosk Managers spend substantial time monitoring, reviewing, and responding to work messages on the GroupMe mobile messaging application when they are not clocked into Defendant's timekeeping system, and therefore, they are not being paid for work performed outside of the store.

4.     Additionally, Plaintiff and other similarly situated Kiosk Managers work unpaid time outside of the store while participating in mandatory conference calls, communicating with co-workers about work matters by e-mail, text messages and phone calls.

5.     Accordingly, Defendant failed to credit – and therefore compensate – Plaintiff and Kiosk Managers for all of their hours worked in violation of the FLSA

6.     Plaintiff has retained Shavitz Law Group, P.A. to represent him in this matter.

## THE PARTIES

### *Plaintiff*

7.     Plaintiff Sinclair is a resident of Tamarac, Florida.

8.     Plaintiff Sinclair worked for Defendant as a non-exempt, hourly-paid Kiosk Manager from approximately October 2007 to July 2017 at Wireless Advocates kiosks inside of Costco stores in Boca Raton and Davie, Florida.

9.     At all times relevant, Plaintiff Sinclair was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10.     Sinclair's last regular rate of pay was approximately $13.50 per hour.

11.     Plaintiff Sinclair's written consent to join this action is attached as Exhibit A.

*Defendant*

12.     Defendant Wireless Advocates, LLC ("Wireless Advocates") is a Washington corporation with its principal place of business in Seattle, Washington.  According to Wireless Advocates' website, Wireless Advocates operates 517 Costco kiosks and 125 kiosks at military locations nationally.[1]  Wireless Advocates is a wireless product provider that partners with major manufacturers, carriers, and channel partners to provide a wide range of wireless services and products to its customers.  *Id.*

13.     At all times relevant, Wireless Advocates was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1367,  and by 29 U.S.C. § 201, *et. seq*.

15.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2)  because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendant is subject to personal jurisdiction in this District. At all times material hereto, Plaintiff Sinclair performed non-exempt duties for at Defendant's

---

[1]      https://www.wirelessadvocates.com/.

kiosks located in Boca Raton and Davie, Florida, which is within the jurisdiction and venue of this Court.

17.     At all times pertinent to this Complaint, the Defendant was an enterprise engaged in interstate commerce or in  the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and  203(s).  Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

18.     Defendant is within the personal jurisdiction and venue of this Court. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

19.     Throughout the relevant period, Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA. Defendant has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

20.     Defendant is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## COMMON FACTUAL ALLEGATIONS

21.     The proposed FLSA Collective is defined as follows:

> All non-exempt hourly Kiosk Managers employed by Wireless Advocates at any kiosk location throughout the United States, however variously titled, on or after May 1, 2017, who have not been paid for all overtime hours worked.

- 4 -

22.     Throughout their employment as Kiosk Managers with Wireless Advocates, Plaintiff and the similarly situated employees were scheduled to work between approximately 40 and 45 hours per week at the kiosk locations.

23.     Wireless Advocates required Plaintiff and the similarly situated employees to perform work off the clock while away from the kiosk and outside regular working hours by: (a) downloading the "GroupMe" application and reading and responding to group messages about work matters; (b) participating in conference calls addressing work matters; and (c) communicating with co-workers about work matters via phone, text and e-mail.  Plaintiff performed about 10 to 15 hours of unpaid work per workweek while working away from the kiosk and while not clocked into Wireless Advocates' timekeeping system.

24.     Pursuant to these policies and procedures, Wireless Advocates failed to record and pay all of the hours worked by Plaintiff and the other Kiosk Managers, thereby resulting in the failure to pay overtime in violation of the FLSA.

### *Defendant's Off-the-Clock Violations*

25.     Plaintiff and the proposed FLSA Collective members worked as non-exempt classified Kiosk Managers at Wireless Advocates kiosks.

26.     Defendant is aware (or should have been aware) that Plaintiff and the proposed FLSA Collective worked off the clock overtime hours.  But, Defendant failed and continues to fail to pay them all of their overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiff and the proposed FLSA Collective to work off-the-clock hours, during which they performed their Kiosk Manager duties.

27.     Defendant maintains time records for all their non-exempt hourly Kiosk Managers throughout the United States.

28.     However, those time records fail to accurately reflect all of Plaintiff's hours worked, based upon Defendant's policies and procedures for requiring Plaintiff and the similarly situated Kiosk Managers to work off the clock and not crediting time worked away from the kiosk.

29.     While Defendant occasionally may have paid Plaintiff and the proposed FLSA Collective for *some* overtime hours worked, Defendant failed to pay Plaintiff and the proposed FLSA Collective for *all* of their overtime hours worked because it did not pay them for these unrecorded hours worked away from the kiosk in violation of the FLSA.

30.     Based upon Defendant's policies and procedures, Defendant failed to keep accurate records of hours worked by Plaintiff.

31.     Defendant's failure to pay Plaintiff and the proposed FLSA Collective for all hours worked while away from the kiosk was due to a corporate policy to limit labor expenditures and preserve corporate profits.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and the proposed FLSA Collective.

33.     All of the work that Plaintiff and the proposed FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the proposed FLSA Collective have performed.

34.     As part of its regular business practice, Defendant has intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the proposed FLSA Collective. This policy and pattern or practice includes, but is not limited to:

      a.    willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours that they worked while away from the kiosk for Defendant in excess of 40 hours per workweek; and

      b.    willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for Defendant while away from the kiosk.

35.    Defendant is aware or should have been aware that federal law required it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

36.    Plaintiff and the FLSA Collective all perform or performed the similar duties of Kiosk Manager at Wireless Advocates kiosks throughout the country.

37.    Plaintiff and the FLSA Collective all were compensated on an hourly basis.

38.    Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

39.    Defendant failed to make an adequate inquiry into whether Plaintiff and the FLSA Collective were being paid for all hours worked while away from the kiosk.

40.    Upon information and belief, Defendant did not conduct any audit, analysis, or study to ensure that it completed Plaintiff and the FLSA Collective for all hours worked while away from the kiosk.

41.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### FLSA– Unpaid Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

42.     Plaintiff incorporates by reference all preceding allegations.

43.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

44.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

45.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

47.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48.     At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

49.     Defendant has failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

50.     Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

51.     Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

52.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

54.     As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

<u>**DEMAND FOR TRIAL BY JURY**</u>

Plaintiff and the FLSA Collective, demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their

right to join this lawsuit, among other things;

   B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

   C. Pre-judgment interest and post-judgment interest as provided by law;

   D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

   E. Attorneys' fees and costs of the action;

   F. An appropriate service award for Plaintiff's efforts and service to the proposed FLSA Collective; and

   G. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Boca Raton, Florida       Respectfully submitted,
   May 1, 2020

            Gregg I. Shavitz
            Camar Jones
            Tamra Givens
            SHAVITZ LAW GROUP, P.A.
            981 Yamato Road, Suite 285
            Boca Raton, Florida 33431
            Telephone: (561) 447-8888
            Facsimile: (561) 447-8831
            gshavitz@shavitzlaw.com
            cjones@shavitzlaw.com
            tgivens@shavitzlaw.com

            *Attorneys for Plaintiff and the proposed FLSA Collective*

- 10 -

# Exhibit A

## CONSENT TO JOIN FORM

1.     I consent to be a party plaintiff in a lawsuit against Defendant(s),  Wireless Advocates, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

*Paul Sinclair*

Signature

Paul Sinclair

Print Name