UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-60886-RAR

PAUL SINCLAIR on behalf of himself
and all others similarly situated,

    *Plaintiff*,

v.

WIRELESS ADVOCATES, LLC,

    *Defendant*.

_____/

### **DEFENDANT'S PROPOSED FINDINGS OF FACT OF CONCLUSION OF LAW**

Pursuant to the Court's December 1, 2020 Order Setting Bench Trial and Schedule [ECF No. 95], Defendant, Wireless Advocates ("Wireless Advocates"), hereby files its Proposed Findings of Fact and Conclusions of Law.

**A.**     **Defendant's Proposed Findings of Fact:**

    1.     Wireless Advocates is a nationwide third-party provider of wireless products and services both online and in over 600 retail locations across the country.

    2.     Wireless Advocates employed Plaintiff as a Kiosk Manager from October 18, 2010 to July 11, 2017.

    3.     Since 2014, Wireless Advocates has had in effect for all employees a dispute resolution procedure that provides all disputes arising out of the employment context be resolved by binding arbitration, whether the dispute is brought by Wireless Advocates or the individual employee.

4.     The procedure is set forth in Wireless Advocates' "Arbitration Policy - Non-California Locations - MUTUAL AGREEMENT TO ARBITRATE CLAIMS" (the "Arbitration Agreement"), used between 2014 through 2018.

5.     Wireless Advocates introduced the Arbitration Agreement to all of its employees beginning in 2014.

6.     The Arbitration Agreement is also set forth in the company's employee handbook which sets forth policies and procedures that employees most follow as a condition of employment.

7.     At all times, the handbook is available to employees on the company's intranet.

8.     Wireless Advocates also required its employees to review a Mutual Binding Arbitration Agreement Module, a PowerPoint-like, multi-slide, electronic learning presentation that each employee must review and complete as part of their employment.

9.     All Wireless Advocates employees are prompted to use their unique employee identification number to be logged on in order to access the Wireless Advocates' learning system to review the Arbitration Agreement and to complete the Arbitration Module.

10.    Wireless Advocates' records reflect that on or about April 20, 2015, Plaintiff, completed the online Arbitration Module, reviewed the Arbitration Agreement and electronically acknowledged his acceptance of the Arbitration Agreement by completing the multiple prompts .

11.    Wireless Advocates has no record of Plaintiff disputing the authenticity of his acceptances or signatures on any of Wireless Advocates employment documents, including those with respect to the Arbitration Agreement, at any time during his employment.

12.    The parties voluntarily entered into a written mutual agreement to arbitrate any disputes, as evidenced by Plaintiff's acceptance of the Arbitration Agreement, and his failure to exercise his subsequent opportunities to timely opt-out of the arbitration provision.

13. The claims asserted by Plaintiff falls squarely within the scope of the parties' arbitration agreement.

14. In the instant case, Plaintiff accepted the terms of the Arbitration Agreement by reviewing the arbitration agreement and electronically signing the Agreement, declining to opt out of arbitration, and thereafter, continuing his employment with Wireless Advocates.

15. The Arbitration Agreement is supported by sufficient consideration because it is mutually binding on both Wireless Advocates and Plaintiff.

16. Defendant has not engaged in any conduct that would constitute a waiver of its rights under the Arbitration Agreement.

17. The Arbitration Agreement contains a class action waiver.

18. Plaintiff expressly waived any right to class or collective action.

**B.  Defendant's Proposed Conclusions of Law:**

19. The Federal Arbitration Act ("FAA") governs the Arbitration Agreement.

20. Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable." 9 U.S.C. § 2.

21. The FAA "embodies a 'liberal federal policy favoring arbitration agreements." *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005).

22. Plaintiff cannot rely on any supposed failure to read or understand the Arbitration Agreement as a defense to its enforcement. *Madden v. Kaiser Found. Hosps.*, 17 Cal.3d 699, 710 (1976).

23. Though federal courts apply state contract law in determining the existence of an agreement to arbitrate "federal policy favoring arbitration, is taken into consideration even in

applying ordinary state law." *Caley v. Gulfstream Aerospace Corp*. 428 F. 3d 1359, 1368 (11th Cir. 2005).

24. If the moving party shows the existence of an agreement, the burden shifts to the party opposing arbitration to demonstrate that the matter should not be arbitrated. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

25. A mere assertion that one does not recall signing a document does not, by itself, create an issue of fact as to whether a signature on a document is valid—especially in the absence of any evidence the document was fabricated. *Gonder v. Dollar Tree Stores, Inc.,* 144 F. Supp. 3d 522, 528 (S.D.N.Y. 2015).

26. Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

27. Under Florida law, if an employee decides to continue his employment after receiving notice of the employer's arbitration policy, then the employee has accepted the arbitration requirement. *See Santos v. General Dynamics Aviation Services Corp.*, 984 So. 2d 658, 661 (Fla. 4th DCA 2008) (employee's continued employment after receiving dispute resolution policy sufficient to demonstrate assent to arbitration agreement); *Cintas Corp. No. 2 v. Schwalier*, 901 So. 2d 307 (Fla. 1st DCA 2005) (employment contract containing arbitration clause was valid and enforceable and supported by consideration in the form of continued employment); *Tranchant v. Ritz Carlton Hotel Co.*, LLC, 2011 WL 1230734, *4 (M.D. Fla. Mar. 31, 2011) (concluding arbitration provision was supported by valid consideration in the form of continued employment in an at-will state).

28. Class action waivers in employment arbitration agreements must be enforced under the FAA, and neither the FAA's "saving clause nor the NLRA suggest otherwise." *Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612, 1616–20 (2018).

DATED this 28th day of January 2021.

    Respectfully submitted,

/s/ *Chelsea A. Lewis*
Chelsea A. Lewis, Esq.
E-mail: chlewis@littler.com
Secondary:  ccano@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

Daniel L. Gonzalez, Esq.
E-mail: dlgonzalez@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Tel: (310) 772-7228

4822-9178-5689.2 105372.1001